# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MOLLY HAMRICK, *et al.*,

        Plaintiffs,

vs.

JONATHAN FELDMAN, *et al.*,

        Defendants.

Case No.  2:13-cv-00078-MMD-CWH

**ORDER**

        This matter is before the Court on Defendants' Joint Motion to Dismiss (#9), filed on July 23, 2012, Defendant's Motion to Supplement Motion #9 (#25), filed on August 17, 2012, Plaintiffs' Motions to Compel (#63 and #64), both filed on January 4, 2013, Plaintiff's Motion for Reconsideration of Order #65 (#66), filed on January 11, 2013, and Plaintiffs' Motion to Set Status Conference (#103), filed on March 7, 2013.  The Court also considered Proposed Orders (#10 - #12), filed on July 24, 2012, Plaintiffs' Response to Motion #9 (#21), filed on August 13, 2012, Plaintiff's Response to Motion #25 (#31), filed on September 7, 2012 and Defendants' Responses to Motion #103 (#111 and #112), filed on March 25, 2013.

**A.**      **Motion to Dismiss (#9) and Motion to Supplement Motion #9 (#25)**

        The Court will deny Defendants' Joint Motion to Dismiss (#9) without prejudice and deny Defendant's Motion to Supplement Motion #9 (#25).  The Motions were filed prior to this action being transferred to the District of Nevada.  *See* Opinion and Order to Transfer Case #67.  Therefore, the points and authorities in these motions are not based on the applicable law subsequent to transfer.  As a result, the Court will deny these motions at this time and the parties may re-file the motion to dismiss, if necessary, citing appropriate authority.

**B.**      **Motions to Compel (#63 and #64)**

        With respect to Plaintiffs' Motions to Compel #63 and #64, the Court will deny them

without prejudice for failure to comply with Federal Rule of Civil Procedure 37(a)(1) and Local Rule ("LR") 26-7(b). Pursuant to Rule 37(a)(1), a party seeking to compel responses to discovery requests "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Additionally, LR 26-7(b) states, "Discovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action."

Rule 37's meet and confer requirement and LR 26-7(b)'s personal consultation requirement serve important purposes. Compliance is required "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Id.* In order to serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id.* To do so,

> [t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions. Only after the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter.

*Id.* Furthermore, in *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996), the Court identified two prongs to Rule 37's meet and confer requirement. First, the moving party must provide a certification from counsel which "accurately and specifically conveys to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute" – the certification requirement. *Id.* Second, the moving party must actually confer or attempt to confer in good faith – the performance requirement. *Id.* The moving party must move beyond cursory statements and "must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id.* at 171. A good faith attempt requires more than

the "the perfunctory parroting of statutory language," it requires a "genuine attempt to resolve the discovery dispute through non judicial means." *Id.* Plaintiffs' requests lack any such certification that they met and conferred with Defendants on this matter.

Furthermore, the Court finds that the Motions to Compel fail to comply with LR 26-7(a) governing the format of discovery motions. LR 26-7(a) requires that the motion to compel discovery set forth in full the text of the discovery originally sought and the reponse thereto, if any. For these reasons, the Court will deny the Motion to Compels without prejudice.

### C. Motion for Reconsideration (#66)

The Court will deny Plaintiff's Motion for Reconsideration of Order #65 (#66). While the Federal Rules of Civil Procedure do not explicitly recognize a petition for rehearing or motion to reconsider, the court has the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/ Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). However, a court has discretion to depart from the prior order when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result. *Cuddy*, 147 F.3d at 1114.

On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985). A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

Here, the Court finds that Plaintiff has failed to demonstrate that reconsideration is proper.

Plaintiff cites the Court's order in a related case, which denied the request to stay discovery in that case on alternative grounds. *See* Pla.'s Mot. #66, 5. Although this case is related to 2:12-cv-462, the cases have not been consolidated. Therefore, Plaintiff's argument that discovery should proceed in this case because discovery is proceeding in the related case is not controlling. Indeed, the major distinction is that essentially no discovery has been conducted in this case nor do the parties indicate that discovery is needed to brief the pending dispositive motions.

Additionally, the Court finds that the rationale for staying discovery provided by Judge Harmon in this case, namely the pending motions to remand, is supported by good cause. The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery. *Skellercup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598 600-01 (C.D. Cal 1995) (finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation. Ordinarily a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nev. 1997) (quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)). Common examples of such situations are when jurisdiction, venue, or immunity are preliminary issues. *Id*. Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975)).

Courts have broad discretionary power to control discovery including the decision to allow or deny discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). An overly lenient standard for granting motions to stays due to pending dispositive motions would result in unnecessary delay in many cases. That discovery may involve inconvenience and expense is not sufficient to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556.[1] Rather, a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

---

[1] As noted in *Tradebay*, "[t]he fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." 278 F.R.D. at 603.

Here, the pending motions to remand have the potential to be dispositive of this entire case. Also, the Court notes that there is a motion to dismiss that raises jurisdictional questions that are of the type that make a stay of discovery appropriate. As a result, the Court will deny reconsideration of the order to stay discovery. The Court finds that the stay of discovery ordered by Judge Harmon should continue in this action until the pending Motions to Remand #24 and #26 are decided. The stay of discovery shall be lifted once an order is entered on those motions. Furthermore, within thirty (30) days of an order on those motions, the parties shall submit a proposed discovery plan and scheduling order in accordance with LR 26-1 for the Court's review.

**D.  Motion to Set Status Conference (#103)**

Finally, the Court denies Plaintiffs' Motion to Set Status Conference (#103) without prejudice. Additional briefing is not needed on the pending motions and because a stay of discovery is in place, a discovery plan and scheduling order is not needed at this time. The parties may request a status conference after the motions to remand or motion to dismiss are decided. Moreover, as noted above, the parties should file a proposed discovery plan and scheduling order within thirty (30) days after an order on the Motions to Remand #24 and #26 are decided. If needed, the parties may request a status conference to discuss special scheduling review concerns at that time.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Dismiss (#9) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Supplement Motion #9 (#25) **is denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motions to Compel (#63 and #64) **are denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration of Order #65 (#66) **is denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Set Status Conference (#103) **is denied without prejudice**.

1 **IT IS FURTHER ORDERED** that the stay of discovery that is in effect in this action shall be lifted once an order is entered on the Motions to Remand #24 and #26.  Within thirty (30) days of an order on those motions, the parties shall submit a proposed discovery plan and scheduling order in accordance with LR 26-1 for the Court's review.

DATED this 5th day of April, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**